UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark and Patricia Herll,                                        Civil No. 15-3104 (MJD/FLN)

Plaintiffs,

v.                                                       **AMENDED REPORT AND
                                                         RECOMMENDATION**

Auto-Owners Insurance Company,

Defendant.

_____

E. Curtis Roeder for Plaintiffs.
Joseph F. Lulic for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on December

4, 2015 on Plaintiffs' and Defendant's cross-motions for summary judgment (ECF Nos. 5 and 24).

The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C.

§ 636 and Local Rule 72.1. *See* Order, ECF Nos. 13 and 27. For the reasons set forth below, the

Court recommends that both motions be **GRANTED in part and DENIED in part**.

## I. FINDINGS OF FACT

Plaintiffs are homeowners who held an insurance policy ("the Policy") with Defendant Auto-

Owners. Roeder Decl. Ex. 1, ECF No. 10. Plaintiffs submitted a claim after a wind and hailstorm

damaged their home. ECF No. 10, Ex. 12. After failing to agree on a claim amount, the parties

submitted the claim for an appraisal pursuant to the policy. ECF No. 1, Ex. 1 at 49. The appraisal

panel heard evidence from both parties and issued an appraisal award of $176,208 on September 16,

2014. ECF No. 10, Ex. 2. The award outlined the losses as follows:

- Dwelling–all but front and right window related loss (hereinafter "dwelling"):

  - $116,208 replacement cost value

- ■ $81,345.60 actual cash value

- Dwelling–front and right window related damage (hereinafter "front and right windows")

  - ■ $60,000 replacement cost value

  - ■ $42,000 actual cash value

*Id.* Both parties were unclear whether the appraisal panel included damage to the front and right windows of the home as part of the award, and they requested clarification by email. Lulic Aff. Ex. 2, ECF No. 17. Although the record before the Court does not include any written response, Defendant claims that both parties were orally told that the front and right windows were not related to the same storm that caused damage to the Plaintiffs' dwelling. Plaintiffs dispute that they were ever given this clarification. In support of their position, Defendants submitted affidavits from James Stoops, a member of the appraisal panel, and Scott Moe, the umpire. Stoops Aff. ECF No. 15; Moe Aff. ECF No. 16.

After the appraisal panel, Defendants paid to Plaintiffs $81,345.60, the actual cash value for damages to the dwelling, not including the damages to the front and right windows. ECF No. 17, Ex. 6. Thereafter, Plaintiffs brought suit in Dakota County District Court. *See* Compl., ECF No. 1-1. Defendants removed the case on July 23, 2015. Not. of Removal, ECF No. 1. Plaintiffs now move for summary judgment seeking: (1) confirmation of the appraisal award in its entirety which they define as $116,208 for dwelling damages and $42,000 for the actual cash value of the right and front windows pursuant to Minn. Stat. §§ 572B.01–.30; (2) pre-award interest from September 13, 2013 to September 19, 2014 pursuant to Minn. Stat. § 549.09; (3) post-award interest from September 20, 2014 to present pursuant to Minn. Stat. § 549.09; and (4) costs and disbursements incurred in connection with both the appraisal hearing and in bringing this action pursuant to Minn. Stat. §§

549.02, .04. In response, Defendant filed its own motion for summary judgment, claiming that

Plaintiffs are not entitled to anything other than what has already been paid. *See generally* Mem. in

Supp. of Mot. for Summ. J., ECF No. 28.

## II. STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the

nonmoving party, demonstrates that there are no genuine disputes of material fact and the moving

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Larson*, 327 F.3d

762, 767 (8th Cir. 2003). A disputed fact is material only if it might affect the outcome of the case

under the governing substantive law, and a dispute is genuine "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). A party opposing a motion for summary judgment "may not rest upon the

mere allegations or denials of his pleading, but must set forth specific facts showing that there is a

genuine issue for trial." *Khoury v. Grp. Health Plan, Inc.*, 615 F.3d 946, 952 (8th Cir. 2010).

## III. LEGAL ANALYSIS

Appraisal awards in Minnesota insurance disputes as governed by the Minnesota Uniform

Arbitration Act. *David A. Brooks Enters., Inc. v. First Sys. Agencies*, 370 N.W.2d 434, 435 (Minn.

Ct. App. 1985); Minn. Stat. §§ 572B.01–.31. The Court shall confirm an arbitration award upon

application of a party unless the opposing party establishes one of the statutory bases to vacate,

modify, or correct the award. Minn Stat. §§ 572B.22, .20, .23–.24. Neither party in this case has

moved to vacate, modify, or correct the appraisal award.

### A.      Front and Right Windows

While appraisal panels are tasked with determining both the amount and the cause of loss,

"appraiser's liability determinations are not 'final and conclusive.'" *Quade v. Secura Ins.*, 814 N.W.
2d 703, 707–08 (Minn. 2012). Rather, "the decision of the appraisers will be subject to review by
the district court. This process gives force to the appraisal process but reserves to the courts the
authority to decide coverage questions." *Id*. The Court must therefore determine if there is a genuine
issue of material fact as to whether the damages to the front and right windows were caused by the
subject storm in Plaintiffs original claim.

Both parties were confused by the appraisal panel's conclusions as it relates to the cause of
the damage to the front and right side windows. The record before the Court includes emails going
back and forth requesting clarification. ECF No. 17, Ex. 2. While, Defendant has submitted the
affidavits of Stoops and Moe[1], there is no written response to the question in the record and there
is a dispute between the parties that they were ever given clarification prior to the affidavits. ECF
Nos. 15 and 16; *see also* ECF No. 10, Ex. 3.

In deciding whether to grant a motion for summary judgment, the facts are viewed in the
light most favorable to the non-moving party. *Coates v. Powell*, 639 F.3d 471, 475 (8th Cir. 2011).
Based on the evidence provided to the Court by both parties, it is clear that there are material facts
at issue regarding whether the damage to the right and front windows were caused by the subject
of the claim. As such, the answer to the threshold question of whether the damage was caused by
the same storm is more appropriately determined by a jury. "Credibility determinations, the

---

[1]

To the extent that Plaintiffs have requested that the Court strike the affidavits of
Stoops and Moe as *ex parte* communications, the Court declines to take up this issue.
First, Plaintiffs have not filed a formal motion to strike. Second, Plaintiffs have not
brought any authority to the Court's attention to support its claim that
communications with an appraisal panel following the conclusion of the award
should be treated as *ex parte* communications.

4

weighing of the evidence, of the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Therefore, because genuine issues of material fact exist as to the threshold issue of the cause of damage to the right and front windows, the Court concludes that Plaintiffs' request for post-judgment interest, costs, and disbursements associated with bringing this action should be decided after the jury's decision on coverage.

With that said, the Court concludes that there are no genuine issues of material fact as it relates to Plaintiffs' request for costs and disbursements related to the appraisal panel and request for pre-appraisal interest. The Policy's appraisal clause provides that each party is responsible for paying its chosen appraiser, and other expenses of the appraisal and umpire are to be shared equally. ECF 10, Ex. 1 at 49. Plaintiffs are, therefore, not entitled to any costs and disbursements in relation to the appraisal hearing.

Additionally, the Policy makes clear that Defendant's payment to Plaintiffs are due "within 60 days after we receive your proof of loss and all other requested documents and the amount of loss is finally determined by an agreement between you and us, a court judgment or an appraisal award." *Id.* Therefore, although Plaintiffs argue that they are entitled to pre-appraisal interest pursuant to Minn. Stat. § 549.09, they were not entitled to receipt of payment until after the appraisal panel issued its determination. Because Minn. Stat. § 549.09 awards interest "[e]xcept as otherwise provided by contract," Plaintiffs are not entitled to pre-award interest on a payment that they were not entitled to receive until after the appraisal panel. Minn. Stat. § 549.09; *See Housing & Redevelopment Auth. of Redwood Falls v. Housing Auth. Prop. Ins., a Mut. Co.*, No. 14-cv-4741 (Dist. Minn. July 14, 2015). Accordingly, Plaintiffs' motion for summary judgment should be denied

and Defendant's motion for summary judgment as it relates to Plaintiffs' request for costs and disbursements for the appraisal panel and for pre-judgment interest should be granted.

**B.      Dwelling Damages**

Defendant does not dispute the appraisal panel's award for damages to the dwelling. Indeed, the appraisal panel issued the award on September 16, 2014 and Defendant made the payment for the actual cash value three days later. ECF No. 17, Ex. 6. It appears that the only dispute between the parties relates to whether Plaintiffs are entitled to the replacement cash value award, rather than just the actual cash value of their damaged property.

According to the Policy, if Plaintiffs "do not repair or replace the damaged covered property, [Defendant] shall pay the actual cash value of the property at the time of loss. Actual cash value includes a deduction for depreciation." ECF 10, Ex. 1 at 48. Plaintiffs have not put forward any evidence that they have made repairs to the property. Therefore, the Court affirms the appraisal panel's award as it relates to the dwelling damages. As Plaintiffs have not made any repairs and Defendant has paid the actual cash value under the Policy, Defendants have satisfied their obligations to Plaintiffs. Defendant represented in the hearing that should Plaintiffs make the repairs, they may submit supplemental requests for reimbursement up to the amount of the awarded replacement cash value. That issue, however, is not before the Court. Accordingly, Plaintiffs' motion is granted to the extent it seeks confirmation of the appraisal award and Defendant's motion is likewise denied.

Plaintiffs additionally seek pre- and post- judgment interest pursuant to Minn. Stat. § 549.09. These requests are denied. For the same reasons as discussed above, Plaintiffs are not entitled to pre-award interest on a payment that they were not entitled to receive until after the appraisal panel. The

Policy clearly states that payment will be made within sixty days of the appraisal panel. ECF 10, Ex. 1 at 49. Therefore, Plaintiffs are not entitled to recover pre-award interest. Furthermore, as payment was made within the sixty day window agreed to under the Policy, Plaintiffs may not recover post-judgment interest as it relates to the dwelling damages. Accordingly, Defendant's motion for summary judgment should be granted and Plaintiffs' motion denied as it relates to the pre- and post-judgment interest on the dwelling damages.

Finally, Plaintiffs seek costs and disbursements for bringing this action and for the appraisal panel. First, the Court concludes that Plaintiffs are not entitled to costs and disbursements for the appraisal panel given that (1) each party is responsible for paying its chosen appraiser, and (2) other expenses of the appraisal and umpire are to be shared equally pursuant to the Policy. *Id.* at 49. Second, Plaintiffs are not entitled to their costs for bringing this action because they were actually paid the value confirmed by the appraisal prior to bringing this action to enforce its rights under the policy. Taxation of costs is governed by 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure. "Under 28 U.S.C. § 1920, a judge or court clerk 'may tax as costs' fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters." *Briscoe-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (quoting 28 U.S.C. § 1920). "[T]he district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998). In this case, where Plaintiffs initiated an action to confirm what had already been paid to them, the Court declines to award costs in its discretion. Accordingly, Plaintiffs motion for summary judgment seeking costs and disbursements for the present action and for the appraisal panel is denied and Defendant's

motion is granted.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that:

1.  Plaintiffs' motion for summary judgment (ECF No. 5) be **GRANTED** in part and **DENIED** in part as follows:

    a.  To the extent that the motion requests confirmation of the damages awarded by the appraisal panel for damages to the dwelling excluding the right and front windows, the Court recommends that the motion be **GRANTED**.

    b.  To the extent that the motion requests pre-judgment and post-judgment interest, and costs and disbursements associated with both bringing this motion and the appraisal panel as it relates to damages to the dwelling excluding right and front windows, the Court recommends that the motion be **DENIED**.

    c.  To the extent that Plaintiffs seek summary judgment as it pertains to damages only to the right and front windows, including the issues of costs associated with bring the action, and post-judgment interest, the Court recommends that the motion be **DENIED**.

    d.  To the extent that Plaintiffs seek costs and disbursements related to the appraisal panel itself, and seek pre-appraisal interest on the amount of the damages only to the right and front windows, the Court recommends that the motion be **DENIED**.

2.  Defendant's motion for summary judgment (ECF No. 24) be **GRANTED** in part and **DENIED** in part as follows:

    a.  To the extent Defendant seeks to bar confirmation of the appraisal panel's award as it relates to dwelling damages excluding loss to the right and front windows, the Court recommends that the motion be **DENIED**.

    b.  To the extent that Defendant seeks to bar Plaintiff from receipt of pre-judgment and post-judgment interest, costs, and disbursements associated with this motion and the appraisal panel as it relates to the appraisal panel's award for damages excluding any loss to the right and front windows, the Court recommends that the motion be **GRANTED**.

c.      To the extent that Defendant seek summary judgment as it pertains only to damages to the right and front windows, including the issues of costs associated with bringing this action, and post-judgment interest, the Court recommends that the motion be **DENIED**.

d.      To the extent that Defendant seeks to bar Plaintiff from receipt of costs and disbursements related to the appraisal panel itself, and from pre-appraisal interest on the amount of the damages only to the right and front windows, the Court recommends that the motion be **GRANTED**.


DATED: January 6, 2016                          *s/Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 21, 2016**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by January 21, 2016, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.