UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark and Patricia Herll,

                                          Case No. 15-3104 (MJD/FLN)

      Plaintiffs,

    v.                                 **MEMORANDUM OF LAW**
                                                 **AND ORDER**

Auto-Owners Insurance Company,

      Defendant.
_____

    E. Curtis Roeder and Timothy Johnson, Roeder Smith Jadin, PLLC, Counsel for Plaintiffs.

    Joseph F. Lulic, Hanson Lulic & Krall, LLC, Counsel for Defendant.
_____

The above-entitled matter comes before the Court on the parties' objections to the Amended Report and Recommendation of Magistrate Judge Franklin L. Noel dated January 6, 2016.

Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review, the Court will sustain Plaintiff's objection as to Section III (A) of the Amended Report and Recommendation and sustain in part Plaintiffs' objection to the Magistrate's

determinations regarding pre and post judgment interest pursuant to Minn. Stat. § 549.09.

I.  **Introduction**

Plaintiffs are homeowners that suffered damage to their home from a hail storm on August 6, 2013. Plaintiffs submitted a claim pursuant to their homeowners' insurance policy. After the parties failed to agree on the claim amount, the parties submitted the loss determination to an appraisal panel pursuant to Section I (6)(2)(c) of the applicable policy. (Roeder Decl., Ex. 1 (Policy at 49).)

The appraisal panel issued an award on September 16, 2014. (Id. Ex. 2.) The panel consisted of two appraisers, James Stoops and Paul Norcia, and an umpire, Scott Moe. (Id.) The award provided that for damage to the dwelling "All but front & right window related loss" the replacement value was listed as $116,208 and the actual cash value as $81,345.60. The award further provided there was damage to the dwelling "Front & right window related loss an additional. We question the # of losses here" and listed the replacement value for such damages as $60,000 and the actual cash value as $42,000. (Id.) The award further provided the following "We certify that we have conscientiously and

impartially performed the duties assigned to us in accord with the appraisal provisions of the policy and do hereby award the amounts established above for the described loss." Following this certification, the award was signed by Scott Moe and James Stoops.

On September 19, 2014, Defendant issued a check to Plaintiffs in the amount of $76,345.60 - the actual cash value of the damage to the dwelling excluding the front and right window related loss, minus the $5,000 deductible. (Lulic Aff. Ex. D-5.)  No other payments have been made to Plaintiffs.

After the award was issued, the record demonstrates that clarification was sought from the panel as to whether the loss amounts listed were losses attributed to the subject hail storm.  In an October 2, 2014 email from Scott Moe to James Stoops, Paul Norcia and counsel for the parties, Moe wrote:

> To all: . . . Mr. Stoops, Mr. Norcia and I agree that there was hail damage to the windows on the rear and left side as the result to the 8-6-13 storm.  The panel also agrees that there was hail damage to the roof however Mr. Norcia took the position that the roof should be replaced and Mr. Stoops and I agreed that the roof could be repaired and signed an award based on replacing the rear and left windows and repair of the roof.  There was also hail damage consisting of larger hail dents in the front and right side elevations that appeared to be from wind blown hail from the South.  These dents were not consistent with the spatter marks in the roof which were observed on all slopes.  Mr. Stoops and I agreed that the window damage to the front and right was $60,000 RC and $42,000 ACV.  Mr.

> Stoops had indicated that this damage was from a prior storm. I agreed that these larger dents in the vertical and horizontal window surfaces were not related to the 8-6-13 storm however I also noticed smaller dents consistent with the size of the dents to the windows on the rear and left sides. Mr. Stoops disagrees with Mr. Norcia that cause of window dents on these sides of the property is related to the 8-6-13 storm. I believe that because the location of these smaller dents are on the horizontal portions of the windows in the front and right elevations and are consistent in size with dents in the rear and left elevations along with spatter marks on the roof, there is damage from both storms. I don't believe that the evidence presented on the day of the appraisal clearly eliminates damage to the front and right sides from the 8-6-13 event however the larger dents did not occur as the result of this storm. I believe the damages to the front and right elevations are from multiples events.

(Supp. Roeder Decl. Ex. 15.)

Plaintiffs brought this action claiming that Defendant breached the policy by not paying Plaintiffs the total appraisal award amounts. Plaintiffs further seek a declaration that they are entitled to the replacement cost value as identified in the appraisal award and the actual cash value, $42,000, for damage to the front and right windows of the property as identified in the appraisal award and the recovery of $18,000 of recoverable depreciation for any repairs to the front and right windows of the property as identified in the appraisal award.

II.   Analysis

    A.   **Confirmation of Appraisal Award**

Minnesota courts have reviewed and confirmed appraisal awards under the same standards that apply to arbitration awards.  See e.g., David A. Brooks Enters., Inc. v. First Sys. Agencies, 370 N.W.2d 434, 435 (Minn. Ct. App. 1985) (finding that arbitration statute governs the decision of appraisers regarding losses to condominiums incurred from storm); Bjorklund Cos., LLC v. Auto-Owners Ins., No. A14-1175, 2015 WL 303717, at *4 (Minn. Ct. App. Jan. 26, 2015) (finding that appraisal awards are treated similarly to arbitration awards and are governed by same standards); Cedar Bluff Townhome Condominium Ass'n, Inc. v. Am. Family Mut. Ins. Co., Bi, /a13-0124, 2013 WL 6223454 at *2 (Minn. Ct. App. Dec. 2, 2013) (same); Lakehead Pipe Line Co., Inc. v. Am. Home Assur. Co., 981 F. Supp 1205, 1216 n. 7 (D. Minn. 1997) (noting that Minnesota courts do not recognize a distinction between an arbitration and an appraisal); but see Johnson v. Mut. Serv. Cas. Ins. Co., 732 N.W.2d 340, 343-46 (Minn. Ct. App. 2010) (finding that a statutorily mandated appraisal provision is not an agreement to arbitrate governed by the Uniform Arbitration Act).

The MAA provides that a party to an arbitration proceeding may file a motion with the court for an order confirming the award, "at which time the court shall issue such an order unless the award is modified or corrected

pursuant to section 572B.20 or 572B.24 or is vacated pursuant to section 572B.23." Minn. Stat. § 572B.22.  The parties did not file a motion to change, modify, correct or vacate the award within 90 days of the date of the award, as set forth in the MAA.  Where application has been made to confirm the award, and no motion to vacate was timely made, the court is obliged to confirm the award.  Component Sys., Inc. v. Murray Enters. of Minnesota, Inc., 300 Minn. 21, 24-25, 217 N.W.2d 514, 516 (1974).

Defendant attempts to introduce evidence in this case to support its interpretation of the appraisal award to exclude any loss to the front and right windows.  However, the time to challenge the award - ninety days from September 16, 2014 - has passed.

The Court further finds Defendant's interpretation of the appraisal award is not consistent with the award on its face, which lists the replacement costs and actual cash value costs for damage to the dwelling resulting from the August 6, 2013 storm, including damage to the front and right windows.  Following the listed loss amounts, Moe and Stoops thereafter certified that they "do hereby award the amounts established above for the described loss."

With regard to the statement listed in the award that "we question the # of

losses here," umpire Scott Moe explained in his October 2, 2014 email that he and appraiser Stoops agreed that the window damage to the front and right was $60,000 RC and $42,000 ACV, and that the appraisers disagreed as to whether the damage was from a prior storm or the August 6, 2013 storm. Moe further explained that he agreed that at least some of the damage was related to the August 6, 2013 storm. (Supp. Roeder Decl. Ex. 15.)

Based on the above, the Court will confirm the appraisal award as including losses for the front and right windows.

### B. Prejudgment and Postjudgment Interest

Plaintiffs further object to the Magistrate's misapplication of Minn. Stat. § 549.09 on pages 6 and 7 of the Amended Report and Recommendation. The Magistrate determined that Plaintiffs are not entitled to pre or post judgment interest for the same reason they are not entitled to preaward interest: because Defendant made a partial payment of the award within sixty days, as set forth in the policy. (Roeder Decl., Ex. 1 (Policy at 49.) In support, the Magistrate relied on a decision from this court in Housing and Redevelopment Auth. of Redwood Falls v. Housing Auth. Prop. Ins., No. 14-4741, Memorandum and Order dated July 14, 2015, in which the court held that because the insurer paid the loss

amount within the time proscribed by the policy, the insured was not entitled to preaward interest.

Plaintiffs assert the policy's loss payment clause governs when Defendant must pay the amount of a covered loss, and that such clause does not address when interest begins to accrue on that amount or when interest must be paid.

Minn. Stat. § 549.09 provides "When a judgment or award is for the recovery of money, including a judgment for the recovery of taxes, interest from the time of the verdict, award, or report until judgment is finally entered shall be computed by the court administrator or arbitrator as provided in paragraph (c) and added to the judgment or award."

In a recent decision from the Minnesota Court of Appeals, the court noted that Minnesota courts have routinely affirmed pre-award interest on insurance awards where there has been an underlying breach of contract or wrongdoing. Poehler v. Cincinnati Ins. Co., __ N.W.2d __, 2016 WL 281381 at * 2 (Minn. Ct. App. Jan. 25, 2016). The court went on to hold, however, that when an insurer complies with the appraisal provision in the policy, and pays the loss amount within the time proscribed in the policy, the insured is not entitled to preaward interest because there was no breach or actionable wrongdoing. Id. at *3. The

court further held that payments made pursuant to a policy's appraisal clause are not compensatory damages under the prejudgment interest statute.  <u>Id.</u>

Here, Defendant paid part of the award within the time proscribed in the policy, thus Plaintiffs are not entitled to any interest, be it preaward, prejudgment or post judgment, as to that aspect of the award.  Plaintiffs are, however, entitled to prejudgment[1] and post judgment interest with respect to the loss amounts due for the damage to the front and right windows, as Defendant has yet to pay for those losses.

Because the Court confirmed the appraisal award, and because Defendant did not pay all amounts listed in that award, Plaintiffs were forced to bring this action in order to obtain full payment under the award.  As such, they are entitled to recover costs and disbursements incurred in bringing this action.  The Court adopts the Report and Recommendation to the extent it finds that Plaintiff is not entitled to the recovery of costs and disbursement for the appraisal panel.

Finally, as Plaintiff did not object to the Magistrate Judge's findings that Plaintiffs have not submitted evidence that they made repairs to the property,

---

[1] To be clear, because the insurance policy provided for an appraisal panel procedure in the event the parties could not agree to a loss amount, and because the policy further provided when the insurer must pay the appraisal award, Plaintiffs are not entitled to preaward interest on any of the loss amounts listed.

and that Plaintiffs are thus only entitled to the actual cash value of the losses, the Court will adopt those findings.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment [Doc. No. 5] is GRANTED in part and DENIED in part as follows:

    a. The Court confirms the Appraisal Award dated September 16, 2014 which lists losses to the dwelling including front and right window damage, and that Plaintiffs are entitled to the actual cash value in the amounts of $81,345.60 (which has already been paid) and $42,000, with $18,000 of recoverable depreciation due upon completion of those repairs;

    b. Plaintiffs are entitled to prejudgment and post judgment interest as to the loss amounts attributed to the damage to the front and right windows that Defendant has not yet paid;

    c. Plaintiffs are entitled to costs and disbursement for bringing this action, and shall submit a Bill of Costs to the Clerk of Court; and

    d. Plaintiffs are not entitled to costs and disbursements associated with the appraisal panel.

2.	Defendant's Motion for Summary Judgment [Doc. No. 24] is GRANTED in part and DENIED in part consistent with this Memorandum and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  March 14, 2016                               s/Michael J. Davis                    
                                                      MICHAEL J. DAVIS
                                                      United States District Court