Mark and Patricia Herll,

                                   Case No. 15-3104 (MJD/FLN)

        Plaintiffs,

v.                                **MEMORANDUM OPINION**
                                         **AND ORDER**

Auto-Owners Insurance Company,

        Defendant.
_____

       E. Curtis Roeder and Timothy Johnson, Roeder Smith Jadin, PLLC,
Counsel for Plaintiffs.

       Joseph F. Lulic, Hanson Lulic & Krall, LLC, Counsel for Defendant.
_____

       This matter is before the Court on Plaintiffs' motion to confirm the

appraisal award, for preaward interest and recoverable depreciation.

## I.     **Introduction**

       Plaintiffs are homeowners that suffered damage to their home from a hail

storm on August 6, 2013.  Plaintiffs submitted a claim pursuant to their

homeowners' insurance policy.  After the parties failed to agree on the claim

amount, the parties submitted the loss determination to an appraisal panel

pursuant to Section I (6)(2)(c) of the applicable policy. ([Doc No. 10] Roeder Decl., Ex. 1 (Policy at 49).)

The appraisal panel issued an award on September 16, 2014. (Id. Ex. 2.) The panel consisted of two appraisers, James Stoops and Paul Norcia, and an umpire, Scott Moe. (Id.) The award provided that for damage to the dwelling "All but front & right window related loss" the replacement value was listed as $116,208 and the actual cash value as $81,345.60. The award further provided there was damage to the dwelling "Front & right window related loss an additional. We question the # of losses here" and listed the replacement value for such damages as $60,000 and the actual cash value as $42,000. (Id.) The award further provided the following "We certify that we have conscientiously and impartially performed the duties assigned to us in accord with the appraisal provisions of the policy and do hereby award the amounts established above for the described loss." Following this certification, the award was signed by Scott Moe and James Stoops.

On September 19, 2014, Defendant Auto-Owners Insurance Company issued a check to Plaintiffs in the amount of $76,345.60 - the actual cash value of the damage to the dwelling excluding the front and right window related loss,

minus the $5,000 deductible.  ([Doc. No. 17] Lulic Aff. Ex. D-5.)  No other

payments have been made to Plaintiffs.

After the award was issued, the record demonstrates that clarification was

sought from the panel as to whether the loss amounts listed were losses

attributed to the subject hail storm.  Even after seeking additional information

from the panel, the parties did not agree as to the meaning of the appraisal

award.

Plaintiffs brought this action claiming that Defendant breached the policy

by not paying Plaintiffs the total appraisal award amounts.  Plaintiffs further

sought a declaration that they are entitled to the replacement cost value as

identified in the appraisal award and the actual cash value, $42,000, for damage

to the front and right windows of the property as identified in the appraisal

award and the recovery of $18,000 of recoverable depreciation for any repairs to

the front and right windows of the property as identified in the appraisal award.

## II.    Procedural History

The parties filed cross motions for summary judgment, which were

referred to the Magistrate Judge.  The Magistrate Judge recommended that this

Court issue an order confirming the appraisal award as to damages to the

dwelling excluding the right and front windows and denying Plaintiffs' remaining claims as to the damage to the right and front windows and as to pre-judgment and post-judgment interest. The Magistrate Judge further recommended that the issue of whether damage to the right and front windows was caused by the August 26, 2013 storm should be submitted to a jury.

The parties filed objections to the Report and Recommendation. After conducting a de novo review of the record, the Court sustained Plaintiffs' objection to the Magistrate Judge's finding there were genuine issues of material fact as to the cause of damage to the right and front windows of the home and sustained in part the Magistrate Judge's as to prejudgment and post-judgment interest. Specifically, the Court confirmed the appraisal award and found that such award included damages to the front and right windows.

On appeal, the Eighth Circuit held that the appraisal award was ambiguous, vacated the judgment and remanded the matter with directions to resubmit the award to the appraisal panel.

On April 10, 2018, Defendant notified the Court that the appraisal panel had issued a clarification of the September 16, 2014 award. (Doc. No. 62.) The panel clarified that the loss amounts for the dwelling were $116,208 for the

Replacement Cost and $81,345.60 for the Actual Cash Value.  (Id.)  The panel

further clarified the following: "Gross Loss.  Windows on the Front/South and

Right/East exterior have hail damage but not from this 8/26/2013 storm!!"  (Id.)

Now before the Court is Plaintiffs' motion to confirm the clarified

appraisal award and for pre-award interest and recoverable depreciation in the

amount of $14,361.02.

## III.    Analysis

### A.    Confirmation of Appraisal Award

A motion to confirm an appraisal award is governed by the Minnesota

Uniform Arbitration Act ("MAA").  Herll v. Auto-Owners Ins. Co., 879 F.3d 293,

295 (8th Cir. 2018) (listing cases).  The MAA provides that a party to an

arbitration proceeding may file a motion with the court for an order confirming

the award, "at which time the court shall issue such an order unless the award is

modified or corrected pursuant to section 572B.20 or 572B.24 or is vacated

pursuant to section 572B.23."  Minn. Stat. § 572B.22.

Defendant argues there is no reason for the Court to issue an order

confirming the award, as it has already been paid.  As Plaintiffs correctly point

out, however, there are disputed issues as to prejudgment interest and

recoverable depreciation.  The Court thus finds the motion to confirm is properly before the Court.

## B.    Preaward Interest

Plaintiffs argue they are entitled to preaward interest pursuant to Minn. Stat. § 549.09.  This statute provides "[e]xcept as otherwise provided by contract or allowed by law, preverdict, preaward or prereport interest on pecuniary damages shall be computed as provided in paragraph (c) from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first, except as provided for herein." Section 549.09, subdiv. 1(b).   Prejudgment and preaward interest under Minn. Stat. § 549.09 are intended to promote settlement and "to compensate the plaintiff for the loss of the use of the money owed."  Adams v. Toyota Motor Corp., 867 F.3d 903, 919 (8th Cir. 2017).

Defendant argues that both this Court and the Magistrate Judge have already found that Plaintiffs were not entitled to preaward interest on that portion of the appraisal award that Defendant paid following the initial appraisal award.  ([Doc. No. 34] R&R at 6-7; [Doc. No. 48] Order at 9.)  Defendant further

points out that Plaintiffs did not file a cross-appeal challenging this Court's finding as to preaward interest on the portion paid.

The law is clear that the district court is free to revisit any issue not expressly or impliedly decided on appeal. <u>Pediatric Specialty Care, Inc. Ark. Dep't of Human Servs.</u>, 364 F.3d 925, 931 (8th Cir. 2004); <u>Borchers v. CIR</u>, 943 F.2d 22, 23 (8th Cir. 1991); <u>Delcastillo v. Odyssey Resource Mgmt.</u>, 292 Fed. Appx. 519 (2008) (vacating judgment of district court that exceeded scope of the mandate). In this case, the issue of whether preaward interest may be awarded on sums paid by the insurer pursuant to terms of the insurance policy was not raised or otherwise addressed on appeal. Therefore, the Court finds it is free to revisit the issue of preaward interest at this time.

This Court's previous ruling that Plaintiffs were not entitled to preaward interest on that portion of the appraisal award that Defendant paid following the initial appraisal award was based on case law which held that where an insurer paid the claim within the time proscribed by the insurance policy, the insured was not entitled to preaward interest. However, both cases cited by the Court in support of that ruling - <u>Poehler v. Cincinnati Ins. Co.</u>, 874 N.W.2d 806 (Minn. Ct. App. 2016) and <u>Housing and Redev. Auth. of Redwood Falls v. Housing Auth.</u>

Prop. Ins., Civ. No. 14-4741 (PAM/HB), 2015 WL 4255858 at * 3 (D. Minn. July 14, 2015) - have since been reversed.

In the Poehler case, the Minnesota Supreme Court held that preaward interest may be available to any pecuniary damages that are not specifically excluded by statute or by contract, regardless of whether the insurer engaged in wrongdoing or breached the insurance contract. Poehler v. Cincinnati Ins. Co., 899 N.W.2d 135, 141 (Minn. 2017). The court further found that preaward interest was also available on such damages "notwithstanding a contractual loss payment provision stating that the loss is payable after the filing of an appraisal award." Id. at 141-42. Because the policy at issue did not specifically exclude preaward interest on an appraisal award, the court found such interest was available to the insured, even though the loss payment provision in the policy provided the loss was not payable until five days after the filing of an appraisal award. Id. at 145.

In Housing and Redev. Auth. of Redwood Falls, the district court had denied an insured preaward interest on an appraisal award "because it was not entitled to payment of the loss until after the appraisal panel issued its award – and thus not entitled to interest on the award before the [insurer] was obligated

to make the payments." 2015 WL 4255858 at * 3. On appeal, the Eighth Circuit reversed, finding the insured was entitled to preaward interest, despite the existence of a loss payment provision, citing to the <u>Poehler</u> decision. <u>See Housing and Redev. Auth. of Redwood Falls v. Housing Auth. Prop. Ins.</u>, 864 F.3d 986, 988 (8th Cir. 2017). The matter was remanded to the district court to decide the issue of how to calculate the preaward interest.

Based on the recent decisions in <u>Poehler</u> and <u>Housing and Redev. Auth.</u>, the Court finds that Plaintiffs are entitled to preaward interest on the appraisal award. However, the Court has identified a number of issues regarding Plaintiffs' calculation of preaward interest in this case.

### 1. Date Preaward Interest Began to Accrue

Preaward interest begins to accrue at "the time of the commencement of the action or a demand for arbitration, or the time of written notice of claim, whichever occurs first, except as provided herein." Minn. Stat. § 549.09, subdiv. 1(b). In order for a written notice of claim to be considered a triggering event for accrual purposes under Minn. Stat. § 549.09, it must sufficiently advise of the nature of the damages and it must demand prompt payment. <u>See</u> <u>General Mills Operations v. Five Star Custom Foods</u>, 845 F.Supp.2d 975, 978 (D. Minn. 2012)

(based on dictionary definition of "claim" the term "written notice of claim" in

Minn. Stat. § 549.09 refers to "a demand for payment (or other similar assertion)

contained in a writing."); <u>Flint Hills Res. LP v. Lovegreen Turbine Servs., Inc.</u>,

Civ. No. 04-4699, 2008 WL 4527816, at *9 (D. Minn. Sept. 20, 2008) (finding

Minnesota courts have frequently described the required notice under Minn.

Stat. § 549.09 as a demand for payment, as such interpretation is consistent with

the purpose of the prejudgment statute – to give potential judgment debtors a

greater incentive to settle or expedite cases); <u>Trapp v. Hancuh</u>, 587 N.W.2d 61, 63

(Minn. Ct. App. 1998) ("Under the statute, prejudgment interest does not begin

to run until an action is brought or when a written demand is made, whichever is

first.")

Plaintiffs assert that interest accrues from the date of the first written

notice of a claim through the date of the clarified appraisal award.  As applied

here, Plaintiffs argue the first written notice of the claim occurred on September

13, 2013, when Plaintiff Mark Herll wrote the following email to Anne Giese: "Hi

Anne, We experienced hail damage to our roof from the storm a couple weeks

ago.  I just spoke with a roofer who was out today and there is significant

damage.  Will you please start the claim process?  Thank you, Mark."  (Doc. No.

10 (Roeder Decl. Ex. 12).)  The appraisal award was finalized on March 6, 2018.

Thus, Plaintiffs argue interest accrued for 1,654 days between the date of first

written notice of the claim and the appraisal award.  Because the appraisal award

exceeded $50,000, interest is calculated at 10%.  Minn. Stat. § 549.09, subdiv.

(1)(c)(2).  Using the Loss Replacement Cost value of $116,208, Plaintiffs claim

they are entitled to $52,659.73 in preaward interest.

Defendant argues that the September 13, 2013 email is not a "written notice

of claim" that triggered the commencement of interest, and that their interest

calculation is unsupportable.  The Court agrees.

Following remand in the <u>Housing and Redev. Auth. of Redwood Falls</u>

case, the district court found that preaward interest began to accrue on the date

the insured demanded an appraisal, as there was no other evidence in the record

of an earlier written demand for payment.  Civ. No. 14-4741, 2017 WL 5197135 at

*2 (D. Minn. Nov. 8, 2017).  In reaching that decision, the court rejected the

insured's claim that the email to the insurer, notifying it of their claim, triggered

accrual of preaward interest because there was no demand for payment in that

email.  <u>Id.</u> at n.2.

The same is true in this case. The email referenced by Plaintiffs simply gave notice to Defendant that they believed they had a claim under their homeowner's policy, and to initiate the claims process. Plaintiffs did not demand payment in the email as it is clear no determination was made that they had a covered loss at that time. Accordingly, as Plaintiffs have not presented a written demand for payment that was submitted prior to demanding an appraisal, the Court finds that preaward interest began to accrue on the date of the demand for an appraisal.[1]

Plaintiffs further argue that preaward interest should be calculated through the date of the clarified appraisal award, issued on March 6, 2018. The Court rejects such argument, given the fact that Plaintiffs were paid the actual cash value listed in the clarified award on September 19, 2014 pursuant to the original award. Accordingly, preaward interest shall be calculated based on the date the appraisal was demanded through the date of the original award, which issued on September 14, 2014.

---

[1] Although Plaintiffs allege in their complaint that they "demanded an appraisal pursuant to the Policy's appraisal provision and Minn. Stat. 65A.01, subd. 3" the date of such demand was not included. Accordingly, within fourteen days of the date of this Order, Plaintiffs shall provide the Court documentation concerning the date the demand for appraisal was made.

## 2. Whether Preaward Interest is based on Actual Cash Value or the Loss Replacement Cost.

Next, Plaintiffs request preaward interest on the replacement cost value portion of the appraisal award, rather than the actual cash value. Such request is not supported by the applicable law.

Minn. Stat. § 549.09, subdiv. 1 (b)(1) provides that preaward interest shall not be awarded on future damages. Although courts have disagreed as to whether the replacement cost value is a future damage, they have nonetheless found that where an insurance policy does not obligate the insurer to pay replacement costs until the lost or damaged property is actually repaired or replaced, preaward interest does not apply to the replacement cost value. See Eden Homeowners Ass'n, Inc. v. Am. Family Mut. Ins. Co., No. 15–CV–3527, at *16 (D. Minn. Jan. 11, 2016) (citing cases) (finding that replacement cost value is a future damage, and that preaward interest is payable only on the actual cash value) (Kyle, J., adopting Report and Recommendation of Bowbeer, M.J.); Housing and Redev. Auth. of Redwood Falls 2017 WL 5197135 at *3 (finding that although replacement cost value did not represent a future damage, insured "was not entitled to recover replacement cost value before the appraisal panel

issued its award, there is no reason for the Court to compensate for the loss of use of that money by granting preaward interest on it.")

In this case, the Policy at issue required the insurer to pay "the amount actually spent to repair or replace the damaged covered property." (Doc. No. 10 (Roeder Decl. Ex. 1 at 48).) As set forth in the Herll Declaration, Plaintiffs only paid out $10,000 prior to the appraisal award, which issued on September 14, 2014. Within one week, Defendant paid Plaintiffs the actual cash value portion of the award, minus the deductible. Thereafter, Plaintiffs made the remaining repairs to the home. Under these circumstances, the Court finds that it need not compensate Plaintiffs for the loss of use of money they did not spend until after the appraisal award was issued, and the repairs actually made. Thus, preaward interest shall be calculated on the actual cash value portion of the appraisal award.

### C.     Recoverable Depreciation

Plaintiffs argue that the policy at issue is a replacement cost policy, which provides that in addition to the actual cash value of the loss, Defendant will also pay "the amount actually spent to repair or replace the damaged covered property." ([Doc. No. 10] Roeder Decl. Ex. 1 (Policy at 48).) The appraisal award

provides that the loss replacement cost for all loss to the dwelling, exclusive of right and front windows, is $116,208. The award does not specify which repairs are covered, including which repairs for the roof are covered.

Plaintiffs completed repairs to the dwelling, exclusive of repairs to the right and front windows, and claim the total cost of those repairs is $95,706.62. In support of this claim, Plaintiffs have submitted the declaration of Mark Herll, attached to which are invoices and check copies. ([Doc. No. 71] Herll Decl. Ex. 1.) Plaintiffs argue they are entitled to recover the unpaid recoverable depreciation in the amount of $14,361.02[2].

Defendant responds that of the claimed amount spent, $44,000 is for roof replacement. (See Id. at 1.) Defendant further claims that the appraisal panel rejected the claim for total roof replacement and instead allotted only $630 for roof repair. (See [Doc. No. 76] Stoops Decl. ¶ 3, Ex. A; [Doc. No. 75] Lulic Dec. Ex. A.) Pursuant to the policy, Defendant argues it is not obligated to pay more than the amount actually spent to repair for hail damage. ([Doc. No. 75] Lulic Decl., Ex. B.)

---

[2] Total costs of repairs, minus $81,345.60, which was the amount paid by Defendant after subtracting the deductible.

The Court rejects Defendant's argument for two reasons: 1) the appraisal award does not limit what repairs to the roof are covered; and 2) one of the appraisers that issued the award, James Stoops, is not competent to testify in this matter. Minn. Stat. § 572B.14 (d). Accordingly, the Court finds that Plaintiffs are entitled to recover $14,361.02 in unpaid costs for repairs covered by the appraisal award.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Confirm Appraisal Award, for Declaratory Judgment and Preaward Interest [Doc. No. 68] is GRANTED in part and DENIED in part as follows:

1. The appraisal award's determinations that the actual cash value of the loss is $81,345.60 and the replacement cost value of the loss is $116,208.00 is confirmed;

2. Plaintiffs are entitled to recoverable depreciation under the policy of insurance in the amount of $14,361.02; and

3. Plaintiffs are entitled to preaward interest to be calculated after the

   Court has been provided the date of the demand for appraisal.

   Plaintiffs shall provide such information within fourteen days from the

   date of this Order.  If there is a dispute as to the date of the demand for

   appraisal, Defendant shall notify the Court within five days of

   Plaintiffs' submission.

Date:  October 2, 2018

s/ Michael J. Davis
Michael J. Davis
United States District Court